UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Anthony Pierce, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br><br><br>        -v.-<br><br>Contract Callers, Inc.,<br>Diverse Funding Associates, LLC,<br><br>                              Defendant(s). | Civil Action No: 1:21-cv-5680<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Anthony Pierce (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendants Contract Callers, Inc. and Diverse Funding Associates, LLC (hereinafter referred to as "Defendant Contract" and "Defendant Diverse" respectively, or "Defendants" together), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective

1

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of New York.

8. Defendant Contract is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), with an address for service of process at Corporation Service Company, 80 State St, Albany, NY 12207.

9. Upon information and belief, Defendant Contract uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant Diverse is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), with an address at 2351 North Forest Road, Suite 110, Getzville, NY, 14068.

11. Upon information and belief, Defendant Diverse uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

    a. all individual consumers in the State of New York;

    b. to whom Defendants sent an in initial collection letter attempting to collect a consumer debt;

    c. in which Defendants fail to include the name of the original creditor;

    d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. § l692e and §1692g et seq.

17. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

      b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. § l692e and § l692g et seq.

      c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

      d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

      e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff

Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22. Some time prior to January 5, 2021, upon information and belief, an alleged obligation was incurred by Plaintiff. The subject debt was allegedly incurred solely for personal, household or family purposes, specifically an Indigo MasterCard.

23. Upon information and belief, the unknown original creditor transferred the defaulted debt to Defendant Diverse for the purpose of debt collection. Therefore, Defendant Diverse is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

24. Defendant Diverse contracted Defendant Contract to collect the defaulted debt. Therefore, Defendant Contract is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

25. The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

26. The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

27. Defendant Diverse has policies and procedures in place that govern Defendant Contract's debt collection practices, specifically with regard to collecting the subject debt, thereby evidencing Defendant Diverse's control over Defendant Contract's collection practices.

28.     By virtue of the relationship between the two Defendants, Defendant Diverse exercised control over Defendant Contract while the latter was engaged in collecting the subject debt on behalf of the former.

29.     Therefore, Defendant Diverse should be held vicariously liable for any and all violations committed by Defendant Contract.

*Violation – January 5, 2021 Collection Letter*

30.     On or about January 5, 2021, Defendants sent Plaintiff an initial collection letter ("Letter") regarding the alleged debt. (See Letter at Exhibit A.)

31.     In the body of the text, Defendants state: "The original creditor was ." Defendants failed to include the name of the original creditor.

32.     Towards the bottom of the page, in a box called "Statement of Account" the space next to "Original Creditor" is left blank.

33.     The remainder of the Letter also fails to include the name of the original creditor.

34.     As a result, the Plaintiff incurred an informational injury as Defendants failed to identify the original creditor in a meaningful way.

35.     The Plaintiff was confused about the nature of this debt as he was unfamiliar with the entity Diverse Funding Associates, LLC, and believed this collection letter was a fraudulent attempt to coerce money from him.

36.     Defendants failed to accurately represent the character of the debt, as they omitted the name of the original creditor.

37.     By providing the statements "The original creditor was ." and "Original Creditor" and omitting the name of the original creditor, Defendants falsely represented the subject debt.

38. Due to Defendants' conduct, Plaintiff suffered concrete harm by having to expend extra time, money, and effort in determining the proper course of action.

39. Furthermore, the Plaintiff was harmed by believing this letter was fraudulent attempt to coerce money from him, and worried that his private information was compromised.

40. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

41. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete harm.

42. As a result of Defendants' deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

43. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

44. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

45. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

46. Defendants violated §1692e:

   a. As the letter falsely represents the character of the debt in violation of §1692e(2)(A); and

      b. As the letter makes a false and misleading representation in violation of §1692e(10).

47.    By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

48.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

49.    Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

50.    Pursuant to 15 U.S.C. § 1692g:

    Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

      1. The amount of the debt;

      2. The name of the creditor to whom the debt is owed;

      3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

4. A statement that the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

51. Defendants violated this section by failing to meaningfully identify the name of the original creditor, leaving Plaintiff unsure of what debt this collection letter was seeking to collect upon, depriving Plaintiff of his right to dispute the debt, as it was unclear to which debt the collection letter referred.

52. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**DEMAND FOR TRIAL BY JURY**

53. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Anthony Pierce, individually and on behalf of all others similarly situated, demands judgment from Defendants Contract Callers, Inc. and Diverse Funding Associates, LLC as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: June 30, 2021                                   Respectfully Submitted,

                                                       **STEIN SAKS, PLLC**

                                                       /s/ **Tamir Saland**
                                                       Tamir Saland, Esq.
                                                       One University Plaza, Ste. 620
                                                       Hackensack, NJ 07601
                                                       Ph: 201-282-6500 ext. 122
                                                       Fax: 201-282-6501
                                                       TSaland@steinsakslegal.com
                                                       *Counsel for Plaintiff*